# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| **LEVI JAMES ANDERSEN** | |

☐ **Revocation** of Probation
■ **Revocation** of Supervised Release
☐ **Modification** of Supervision Conditions

☐ **AMENDED REVOCATION JUDGMENT**
      Date of Most Recent Judgment:

Case Number:    **CR 16-3001-1**
USM Number:    **03430-029**

**John J. Bishop**
Defendant's Attorney

## THE DEFENDANT:

■ admitted guilt to violation(s)    **as listed below**    of the term of supervision.

☐ was found in violation of _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1, 2 | Use of a Controlled Substance | 10/22/2023 |
| 3a-h | Failure to Participate in Substance Abuse Testing or Treatment | 12/06/2023 |
| 4 | Failure to Report to USPO as Directed | 11/04/2023 |
| 5 | Failure to Follo USPO Instructions | 11/14/2023 |
| 6 | Possession of a Firearm, Ammunition, Destructive Device, or other Dangerous Weapon | 11/14/2023 |
| 7 | Possession of a Controlled Substance | 12/21/2023 |
| 8a-d | New Law Violation | 12/21/2023 |

The defendant is sentenced as provided in pages 2 through   **5**   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant was not found in violation of _____ and is discharged as to such violation(s).

☐ The Court did not make a finding regarding violation(s) _____

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

| | |
|---|---|
| **Leonard T. Strand** | |
| **Chief United States District Court Judge** | |
| Name and Title of Judge | Signature of Judge |
| **January 30, 2024** | 1/30/24 |
| Date of Imposition of Judgment | Date |

DEFENDANT: **LEVI JAMES ANDERSEN**
CASE NUMBER: **CR 16-3001-1**

## PROBATION

☐ The defendant's supervision is continued with the addition of special condition number(s):

## IMPRISONMENT

☐ No imprisonment is ordered as part of this modification.

■ The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **43 months.**

■ The court makes the following recommendations to the Federal Bureau of Prisons:
**It is recommended that the defendant be designated to the Federal Correctional Institution (FCI) in Oxford, Wisconsin, or a Bureau of Prisons facility in close proximity to the defendant's family which is commensurate with the defendant's security and custody classification needs.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Federal Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the United States Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:        **LEVI JAMES ANDERSEN**
CASE NUMBER:   **CR 16-3001-1**

# SUPERVISED RELEASE

■  Upon release from imprisonment, the defendant shall be on supervised release for a term of: **2 years.**

☐  The defendant's supervision is continued with the addition of special condition number(s):

☐  The defendant is remanded to the custody of the United States Marshal's until bed space is available at the
Residential Reentry Center.  The defendant shall be released from the United States Marshal's custody per
written notification by the United States Probation Office without further order of the Court.

# MANDATORY CONDITIONS OF SUPERVISION

1)   The defendant must not commit another federal, state, or local crime.

2)   The defendant must not unlawfully possess a controlled substance.

3)   The defendant must refrain from any unlawful use of a controlled substance.
The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests
thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low
risk of future controlled substance abuse.  *(Check, if applicable.)*

4)   ■  The defendant must cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

5)   ☐  The defendant must comply with the requirements of the Sex Offender Registration and Notification Act
(34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender
registration agency in the location where the defendant resides, works, and/or is a student, and/or was convicted
of a qualifying offense.  *(Check, if applicable.)*

6)   ☐  The defendant must participate in an approved program for domestic violence.  *(Check, if applicable.)*

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on
the attached page.

DEFENDANT: **LEVI JAMES ANDERSEN**
CASE NUMBER: **CR 16-3001-1**

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervision, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of the time the defendant was sentenced and/or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. The defendant must also appear in court as required.

3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant must answer truthfully the questions asked by the defendant's probation officer.

5) The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or the defendant's job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) As directed by the probation officer, the defendant must notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and must permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT:      **LEVI JAMES ANDERSEN**
CASE NUMBER:    **CR 16-3001-1**

# SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the United States Probation Office:*

1. **The defendant must participate in a substance abuse evaluation. The defendant must complete any recommended treatment program, which may include a cognitive behavioral group, and follow the rules and regulations of the treatment program. The defendant must participate in a program of testing for substance abuse. The defendant must not attempt to obstruct or tamper with the testing methods.**

2. **The defendant must not use or possess alcohol. The defendant is prohibited from entering any establishment that holds itself out to the public to be a bar or tavern without the prior permission of the United States Probation Office.**

3. **The defendant must participate in a mental health evaluation. The defendant must complete any recommended treatment program, and follow the rules and regulations of the treatment program. The defendant must take all medications prescribed to the defendant by a licensed medical provider.**

4. **If not employed at a lawful type of employment as deemed appropriate by the United States Probation Office, the defendant must participate in employment workshops and report, as directed, to the United States Probation Office to provide verification of daily job search results or other employment related activities. In the event the defendant fails to secure employment, participate in the employment workshops, or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.**

5. **The defendant must submit the defendant's person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The United States Probation Office may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.
Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition(s) of supervision.

_____          _____
Defendant                                                                          Date

_____          _____
United States Probation Officer/Designated Witness          Date